Tomes & Hanratty P.C.
30 Broad St.
Freehold, NJ 07728
(732)333-0681
By:  Edward Hanratty
     Attorney for Plaintiff

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VINCINAGE


Dora Smith, on behalf of herself
     and all others similarly situated
     FILED ELECTRONICALLY


          v.                                    3:11-cv-05510/JAP
                                                   Civil Action

Legal Helpers Debt Resolution
Global Client Solutions
     Motion Day 12/19/11
Macey, Aleman & Hyslip & Searns
And ABC 1-10


PLAINTIFFS BRIEF IN RESPONSE TO DEFENDANTS MOTIONTO COMPEL ARBTIRATION
PURSUANT TO THE FEDERAL ARBITRATION ACT



Tomes & Hanratty P.C.
30 Broad St.
Freehold, NJ 07728
P: 732-333-0681
F:732-333-0682

Edward Hanratty
On the brief

# Table of Authorities

Accord, Curtis, .................................................................................3
413 N.J. Super at 34

Alamo v, Galarza...............................................................................6
306 N.J. Super. 384 ( App. Div. 1997) at 392-394

AT&T Mobility v. Concepcion,..........................................................8
131 S. Ct. 1740 (2011)

Barcon Assocs., Inc. v. Tri-Country Asphalt Corp., )............................3
 86N.J. 179, 186 (1981)

Cox v. Sears.....................................................................................10
         138 N.J. 2, 24; NJSA 56: 8-19

Curtis v. Cellco P'ship, .)............................................................3, 7, 8
413 N.J. Super.26, 33-34 (App. Div)

Dr's Associates Inc. v. Casarato,.....................................................11
517 U.S. 681 (1996)

Garfinkel v. Morristown Obstretics & Gynecology Assocs.,...................3, 4, 5,9
168 N.J. 124, 132 (2001)

Grass v. Associates First Capital Corp................................................4, 5
346 NJ Super 42, 56-57 (App. Div. 2001), 171 N.J. 445 (2002)

Grasser v. United Healthcare Corp.,..................................................5
343 N.J. Super. 241, 247.

Griffin v. Burlington Volkswagen, Inc., )............................................3, 4
411 N.J. Super 515, 518 (App. Div. 2010

Marchak v. Claridge Commons, ........................................................4
134 N.J. 275, 282 (1993)

Marindale v. Sandvik, Inc., ...........................................................3, 5
173 N.J. 76, 84 (2002)

Muhammad v. Cnty. Bank of Rehoboth Beach,..................................12

189 N.J. 1, 15 (2006)

NAACP of Camden v. Foulke,.................................................................9
     421 N Super. 404 N.J. Super. 404 (App. Div. 2011)

Nino v. the Jewelry Exchanged,...........................................................13
609 F. 3d 191 (3rd Cir. 2010)

Rockel v. Cherry Hill Doge,...............................................................6, 7
368 N.J. Super. 577 ( App. Div. 2004) at 47, 587

Rodriguez de Quijas v. Shearson/ American Express, Inc.,....................................12
490 U.S. 477, 483-484 (1989)

Rudbart v. North Jersey District Water Suppy Commission,...............................12
127 N.J. 344, 356; 506 U.S. 871, 113 S. Ct. 203, 121 L. Ed 2d 145 (1992)

Sitogum Holdings, Inc.,...................................................................12
352 N.J. Super. 555, 564 ( Ch. Div. 2002); 549 U.S. 1338, 127 S. Ct. 2032, 167 L. Ed. 2d
763 (2007)

Volt Info. Scis., Inc. v. Bd. Of Trs. Of Leland Stanford Junior Univ.,.........................3
489 U.S. 468, 478, 109 S. Ct. 1248, 1255, 103 L. Ed. 2d 488, 500 (1989), 203 N.J. 94
(2010)

Wilson v. Woodfields,.........................................................................8
A-6277-08T1, 2011 W. L. 2409369


## STATUTES

New Jersey Consumer Fraud Act, NJSA 56:8-1 et. al. .......................  ............2, 10, 11
 Wrongful Credit Practices , NJSA 2C: 21-19f.................................................. 10
Federal Arbitration Act  9 U.S.C. ss 1....................................................................11

TABLE OF CONTENTS

I
INTRODUCTION ..................................................................................................1

II
THE ARBITRATION CLAUSE LACKS NOTICE
OF SPECIFIC WAIVERS REQUIRED BY NEW
JERSEY LAW IN CONSUMER ARBITRATION AGREEMENTS...........................2

III
THE SUBJECT MATTER OF THE CONTRACT
IS ILLEGAL, VIOLATING NJSA 2C:21-19f
(Wrongful Credit Practices) AND
THEREFORE UNCONSCIONABLE ..................................................................10

I

INTRODUCTION

Plaintiff does not dispute the existence of the arbitration clauses defendants seek to enforce in the pending motion, but does dispute the enforceability of those clauses under applicable New Jersey law. As each arbitration clause suffers from the same defects, they will be treated uniformly below.

The LHDR Attorney retainer agreement, provided in Movant's Composite Exhibit A, states in pertinent part "In the event of any claim or dispute between Client and LHDR related to the Agreement or related to any performance of any services related to this Agreement, such claim or dispute shall be submitted to binding arbitration . . .." The Global Account Agreement contains an arbitration clause of similar breadth:" In the event of a dispute or claim relating in any way to this Agreement or our services, you agree that such dispute shall be resolved by binding arbitration."

Each clause is insufficiently detailed to satisfy the requirements of New Jersey law, and should not be enforced.

II

THE ARBITRATION CLAUSE LACKS NOTICE OF SPECIFIC WAIVERS REQUIRED BY
NEW JERSEY LAW IN CONSUMER ARBITRATION AGREEMENTS

Movant asserts that the breadth of the clauses, as well as its purportedly consumer friendly provisions ("The arbitration shall be conducted in either the county in which Client resides, or the closest metropolitan county.", etc.) make them fair and enforceable as to consumers. However, the absence of specificity of its coverage that renders them unenforceable. In fact, it is the breadth of the clause of which movant is so enamored that renders it unenforceable under New Jersey law.

There is no question that arbitration is a favored and encouraged means of resolving disputes. Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 186 (1981). Federal law "'requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.'" Curtis v. Cellco P'ship, 413 N.J. Super. 26, 33-34 (App. Div.) (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478, 109 S. Ct. 1248, 1255, 103 L. Ed. 2d 488, 500 (1989)), certif. denied, 203 N.J. 94 (2010); see Martindale v. Sandvik, Inc., 173 N.J. 76, 84 (2002). Moreover, "[a]n agreement to arbitrate should be read liberally in favor of arbitration." Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 132

2

(2001) (internal quotations omitted); accord Curtis, supra, 413 N.J. Super. at 34; Griffin v. Burlington Volkswagen, Inc., 411 N.J. Super. 515, 518 (App. Div. 2010). Nevertheless, because an agreement to arbitrate is a contract, a party cannot be compelled to arbitrate claims not encompassed by the agreement. Garfinkel, supra, 168 N.J. at 132.

New Jersey courts have had ample opportunity to consider arbitration clauses and have held that with respect to consumer agreements like the one at issue here, "a clause depriving a citizen of access to the courts should clearly state its purpose. The point is to assure that the parties know that in electing arbitration as the exclusive remedy, they are waiving their time-honored right to sue." Marchak v. Claridge Commons, 134 N.J. 275, 282 (1993). An agreement to arbitrate statutory claims is enforceable when the contract provisions "(1) contain language reflecting a general understanding of the type of claims included in the waiver; or (2) provide that, by signing, the consumer agrees to arbitrate 'all statutory claims arising out of the relationship,' or any claim or dispute based on a federal or state statute." Curtis, supra, 413 N.J. Super. at 35-36 (quoting Gras v. Assocs. First Capital Corp., 346 N.J. Super. 42, 56-57 (App. Div. 2001), certif. denied, 171 N.J. 445 (2002)).

In Garfinkle v. Morristown Obstetrics, 168 NJ 124, the New Jersey Supreme court refused to enforce an arbitration clause in an employment agreement in the absence of an unambiguous waiver of the right to a jury trial.  The court stated "to be enforceable . . . the agreement need not refer specifically  . . . list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights to pass muster, however, it  . . . should at least provide that the employee agrees to arbitrate all statutory claims arising out of the employment relationship or termination." Id. at 135.

In Martindale v. Sandvik, Inc. 173 NJ 76 (2002), Plaintiff was terminated and brought suit under state employee protection statutes.  In upholding the arbitration clause, the court specifically noted the explicit waiver of the right to jury trial, and upholding the arbitration clause was in accord with the requirements of Garfinkle, supra..

In Gras v. Associates First Capital Corp. 346 NJ Super. 42 (App. Div. 2001), the Appellate Division held that any waiver of a statutory right in an arbitration agreement must be clear and explicit.  In Gras, plaintiffs asserted that the arbitration agreements were unenforceable because plaintiffs did not knowingly waive their statutory rights.  Citing existing case law, the Gras court stated waiver of statutory rights provisions in arbitration agreements must be clear and explicit.

4

Grasser v. United HealthCare Corp., 343 N.J.Super. 241, 247.
The court went on to note "we have rejected statutory waiver
provisions where the language of such waiver simply made
reference to a waiver of any claims."(citing Alamo v. Galarza
306 N.J.Super. 384 (App. Div. 1997) at 392-94(holding that a
reference to "any claim" did not serve as a waiver of
plaintiff's right to proceed on an LAD claim in the courts).

   In Rockel v. Cherry Hill Dodge, 368 NJ Super 577 (App. Div.
2004), the court restated its view that an arbitration clause
contained in an agreement will not be enforced if the language
is not sufficiently clear and unambiguous.  In Rockel, the court
considered an arbitration clause contained in a consumer
contract.  In finding the clause at issue unenforceable, the
court made several very specific findings: "The size of the
print and the location of the arbitration provision in a
contract has great relevance to any determination to compel
arbitration, particularly when, like here, the provision is
contained in a contract of adhesion." ; "There is also no
language on the first page of the document, in print
distinguishable by its greater size or different color from the
rest of the words on the page, which warns that the right to
pursue a lawsuit in court or the waiver of statutory claims or
the right to trial by jury will be affected or eliminated by
provisions contained elsewhere in the document."  The Rockel

court noted "In Gras we also emphasized that the arbitration
provision expressly stated that, by signing, the consumer was
agreeing to arbitrate '"any claim or dispute based on a federal
or state statute."' Id. at 47. The contract documents in
question do not contain any similar language." The court found
the arbitration clause omissions caused it to fall "woefully
short of what Gras requires."Rockel at 587.   The Rockel court
stated "any attempt to impose arbitration through an arbitration
agreement less clear and less noticeable than that considered in
Gras is not likely to pass muster." Rockel at 587.

     In Curtis v. Cellco Partnership, 413 NJ Super. 26 (App.
Div. 2010), the court found that the contractual language of the
contract at issue clearly and unmistakable established that all
statutory claims fell within the scope of the instant
arbitration agreement.  The court held that the arbitration of
statutory claims can be compelled where the contract provisions
contain the language reflecting a general understanding of the
type of claims included in the waiver or provided that by
signing, the consumer agrees to arbitrate all statutory claims
arising out of the relationship or any claim or dispute based on
a federal or state statute.

     In reaching its conclusion, the court noted that the
arbitration clause at issue had a box placed around it, setting
it off from other text, and set forth in bolded, capitalized

print.  The court noted the clause at issue was very specific,

citing its text:

> **Dispute Resolution and Mandatory Arbitration**
> **INSTEAD OF SUING IN COURT, WE EACH AGREE TO SETTEL**
> **DISPUTES (EXCEPT CERTAIN SMALL CLAIMS) ONLY BY ARBITRATION.**
> **THE RULES IN ARBITRATION ARE DIFFERENT.  THERE'S NO JUDGE**
> **OR JURY, AND REVIEW IS UNLIMITED, BUT AN ARBITRATOR CAN**
> **AWARD THE SAME DAMAGES AND RELEIF, AND MUST HONOR THE SAME**
> **LIMITATIONS STATED IN THE AGREEMENT AS A COURT WOULD.** Id.
> at 31.

The agreement also specifically stated it was governed

by the Federal Arbitration Act. 9 USC ss 1-16.

The court found that the level of detail notifying the

consumer of the arbitration terms and its conspicuous

notice to the consumer of rights waived was sufficient to

show a knowing waiver of rights.

In Wilson v. Woodfields, A-6277-08T1, 2011 W.L.

2409369, decided 6/3/11 (not approved for publication), the

Appellate Division refused to enforce a trial court order

compelling arbitration under a contract clause which

required arbitration of "any disputes arising in connection

with this agreement and/or amendments to this agreement"

because the agreement did not indicate a waiver of the

right to bring suit in court on a statutory claim.  The

court noted the contrast of the specificity of the clause

in Curtis , supra, with the broad scope and lack of

specifics in the clause at issue in its refusal to enforce
the clause.

The US Supreme Court in <u>AT&T Mobility v.Concepcion</u>, 131
S.Ct. 1740 (2011) specifically indicated that states remain free
to take steps addressing issues of contract formation when
considering arbitration clauses.

In <u>NAACP of Camden v. Foulke</u>, 421 NJ Super 404 (App. Div
2011), the Appellate Division refused to enforce and arbitration
agreement in a consumer contract due to the conflicting terms
contained in various clauses presented to the consumer.  The
court considered the ramification of Concepcion, supra, and
determined that consistent with Concepcion, the clause could
held unenforceable as the terms were too unclear to state that
an agreement had been formed.

The instant agreements to arbitrate "any claim or dispute
between Client and LHDR related to the Agreement or related to
any performance of any services related to this Agreement" and
"In the event of a dispute or claim relating in any way to this
Agreement or our services, you agree that such dispute shall be
resolved by binding arbitration" do not indicate specific
waivers of the right to bring a suit in court on the statutory
claims set forth in the complaint. In that regard, these
arbitration clauses are distinguishable from those that have
been upheld by New Jersey courts. The court noted that in

8

_Curtis_, the language unmistakably specified that plaintiff waived his right to a judicial forum and jury trial and was clearly set out and unmistakable. _Curtis_, _supra_. at 37-38.

In the present case, both clauses at issue fail to recite any specific about rights that could be enforced, in what forum, or by whom.  Additionally, both clauses are not set off in any way from the other text of the agreement.  To enforce an arbitration agreement to enforce "any and all" disputes would be contrary to existing state law.  The arbitration clause at issue attempts to force Plaintiff to waive her 7th amendment right to jury trial, it assertion that "each party shall bear their own legal fees" is a waiver of Plaintiff's statutory right under the New Jersey Consumer Fraud Act to an award of attorney fees (_Cox v. Sears_, 138 NJ 2,24(award of attorney fee and costs mandatory on showing of ascertainable loss); NJSA 56:8-19)

III

THE SUBJECT MATTER OF THE CONTRACT IS ILLEGAL, VIOLATING
NJSA 2C:21-19f (Wrongful Credit Practices) AND THEREFORE
UNCONSCIONABLE.

The contract containing the arbitration clause is itself illegal.  The contract seeks to engage in activities that are subject to a criminal statute in New Jersey (NJSA 2C:21-19f).  While the statute permits the activity (debt settlement

a.k.a debt adjusting) under certain, regulated, circumstances, failure to abide by the statute renders the activity illegal.

The statute states, in pertinent part:"Any person who shall act or offer to act as a debt adjuster shall be guilty of a crime of the fourth degree. (NJSA 2C:21-19f).  The statute does provide exemption from its coverage under certain circumstances for non-profit entities and New Jersey licensed attorney not primarily engaged as debt adjusters.  Id..  None appear to apply to the present case.

In <u>Doctor's Associates Inc. v. Casarato</u>, 517 U.S. 681 (1996), the US Supreme Court considered the issue of the application of generally applicable contract law to arbitration clauses.  At issue was a state statute specifically directed at arbitration clauses.  The Court held that state law could not impede the general federal policy in favor of arbitration, and upheld the arbitration agreement. The Court went on to discuss the applicability of general contract law to arbitration clauses.

The Court reasoned that because Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. Section(s) 2. Therefore, under Section 2, state law may be applied if that law arose to govern issues concerning the

validity, revocability, and enforceability of contracts
generally.  Thus, generally applicable contract defenses, such
as fraud, duress or unconscionability, may be applied to
invalidate arbitration agreements without contravening
Section(s) 2. citing Rodriguez de Quijas v. Shearson/American
Express, Inc., 490 U. S. 477, 483-484 (1989); Shearson/American
Express Inc. v. McMahon, 482 U. S. 220, 226 (1987).

     As a means of vitiating an agreement, the New Jersey
Supreme Court has stated unconscionability can be manifested in
two ways. The first is procedural unconscionability, which
involves a "variety of inadequacies, such as age, literacy, lack
of sophistication, hidden or unduly complex contract terms,
bargaining tactics, and the particular setting existing during
the contract formation process. . . ." Muhammad v. Cnty. Bank of
Rehoboth Beach, 189 N.J. 1, 15 (2006), (quoting Sitogum
Holdings, Inc., 352 N.J. Super. 555, 564 (Ch. Div. 2002)) cert.
denied, 549 U.S. 1338, 127 S. Ct. 2032, 167 L. Ed. 2d 763
(2007). The second is substantive unconscionability, which is
determined by applying the four factors identified by the New
Jersey Supreme Court in Rudbart v. North Jersey District Water
Supply Commission, 127 N.J. 344, 356, cert. denied,
506 U.S. 871, 113 S. Ct. 203, 121 L. Ed. 2d 145 (1992). These
factors are: "[1] the subject matter of the contract, [2] the

parties' relative bargaining positions, [3] the degree of
economic compulsion motivating the 'adhering' party, and [4] the
public interests affected by the contract." Ibid. Courts have
generally applied a sliding scale approach to determine overall
unconscionability, considering relative levels of both
procedural and substantive unconscionability. Delta Funding
Corp. v. Harris, 189 NJ 28, 40 (2006).

In Nino v. The Jewelry Exchange, 609 F.3d 191 (3rd Cir.
2010), the court stated that the 3rd Circuit Court has
consistently found that adhesion contracts, i.e. contracts
presented on a take it or leave it basis by the party with the
greater power to the other, satisfies the procedural element of
the unconscionability analysis.  In Nino, supra, the arbitration
clause was found to be both procedurally and substantively
unconscionable.  Procedurally,  because it was an adhesive
contract.  Substantively, because its requirements for bringing
claims were onerous, including forcing parties to bear their own
costs and attorney fees.  At issue in Nino was a Title Vii
dispute, and the court found that the arbitration proceedings
must offer the full scope of remedies under that statute to be
enforceable.  The restriction of awards of costs and fees
undermined the statutory scheme of encouraging private persons
to enforce statutory rights. Id. at 203.

The contract at issue satisfies the Nino standard of adhesive contracts, satisfying the test for procedural unconscionability.  The substantive unconscionability of the contract is established by the heavy weight that should be given to factors 1 and 4 of the analysis set forth above. The fact that the subject matter of the contract is illegal (factor 1) and the clear policy articulated in the statute (factor 4). The party's relative bargaining position and the degree of economic compulsion (factors 2 and 3) can be determined from the fact that Plaintiff had to seek out such assistance to alleviate her economic woes (factor 3) and that plaintiff is an unsophisticated consumer (factor 2).

In the instant case, Defendants are not non-profit entities and no legal services were provided to Plaintiff other than debt adjusting, i.e., attempting to settle her debts on her behalf, for a fee. Each moving party participated in a joint enterprise that is illegal under New Jersey law and is seeking to compel arbitration under an agreement that is intended to violate the law. The contract controlling the dispute which movants seek to arbitrate is adhesive, substantively and procedurally unconscionable, and promotes an illegal enterprise.

Because each arbitration clause at issue suffers from the same defects, neither of the arbitration clauses should be enforced.

Date: 12/5/11                      By: /s/ Edward Hanratty
                                       Tomes & Hanratty
                                       30 Broad St.
                                       Freehold, NJ 07728